FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 1 6 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | 18-CR-145 |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| TONI DENNIS, | |
| Defendant. | |

JACK B. WEINSTEIN, Senior United States District Judge:

**Appearances**

**For United States:**

    Megan E. Farrell
    United States Attorney's Office
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, NY 11201
    718-254-6448

**For Defendant:**

    Allegra W. Glashausser
    Federal Defenders of New York, Inc.
    1 Pierrepont Plaza, 16th Floor
    Brooklyn, NY 11201
    212-417-8739

**Table of Contents**
I. Introduction .................................................................................................................. 2
II. Offense ....................................................................................................................... 2
III. Guilty Plea ................................................................................................................. 3
IV. Sentencing Hearing .................................................................................................... 3
V. Sentencing Guidelines and Statutory Sentencing Requirement ................................. 4
    A. Guideline Calculation ........................................................................................... 4
    B. Statutory Minimum .............................................................................................. 4
VI. Law ............................................................................................................................ 5
VII. 18 U.S.C. § 3553(a) Considerations ......................................................................... 5
VIII. Sentence .................................................................................................................. 7
IX. Conclusion ................................................................................................................. 8

### I. Introduction

Toni Dennis ("Dennis" or "defendant") pled guilty to the crime of importing cocaine into the United States, 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3), and possession of cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). She acted as a first-time drug courier in a larger scheme to smuggle cocaine from Jamaica into the United States.

Dennis is a twenty-one year old Jamaican. She has no criminal record.

### II. Offense

On February 22, 2018, the defendant arrived at John F. Kennedy International Airport in Queens, New York, aboard a flight from Kingston, Jamaica. PSR at ¶ 3. A dog alerted authorities to the presence of a controlled substance in her suitcase. *Id.* An examination of the suitcase revealed 307 grams of cocaine. *Id.* at ¶ 4. Dennis was arrested. *Id.* at ¶ 5. She did not then, or afterwards, deny her guilt. *See id.* at ¶ 18. She was released on bail the next day on February 23, 2018 and has since been under the close supervision of Pretrial Services. *Id.* at ¶ 2.

## III. Guilty Plea

On June 4, 2018, she pled guilty to importing cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3), and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *Id.* at ¶ 1.

## IV. Sentencing Hearing

A sentencing hearing was conducted on September 18, 2018. The proceedings were videotaped to develop an accurate record of body language and courtroom atmosphere. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording). Present for the sentencing hearing was the defendant's mother, Grace Nelson, who lives in Jamaica, grandparents, Joyce Schloss-Powell and Rudolph Powell, and cousin, Dana Lowvin. *See* Sent. Hr'g Tr. 2:23–25, Sept. 18, 2018.

At sentencing, Dennis sincerely expressed regret to the court and her family for her transgression. She revealed her deep sorrow, and realizes that she likely will never see her family in the United States again.

> I am heartbroken that the first time I'm speaking in court is not as a lawyer but as a defendant. I admit that I had thought I've faced hardships before but now I've truly seen how hard life can get.
>
> These last couple months have been the worst, second to losing my father years ago. I know that he is surely turning in his grave because I'm sure not once in his short lifetime did he see any of his children being convicted for drugs. As I get older I will have to make better decisions in life, and especially in the friends I choose.
>
> Since being here I've tried my best to continue the good that I had been doing. I've been doing cooking curried chicken for my grandparents, tutoring my cousin Matthew in math, and volunteering to help homeless New Yorkers. I had to ensure that I didn't lose myself.
>
> I'm sure that even though my family is here supporting me that they are somewhat still ashamed and stunned by what has happen. I just want to apologize to them, to every single person that I've let down, I'm sorry. I'm sorry and I

3

won't be able to make it up to you because I'll be deported and won't even be able to see you again Grandma, Grandpa, Zanyea. I'll miss you. Knowing that I won't ever be able to come back and see my family again feels like torture. Not being able to see my cousins, aunts or grandparents in the aftermath of this is going to be even more painful.

I just want you to know that whenever I get back home I ensure that I will finish university. Since I was a kid, after my father died, I dreamed of being a lawyer – an estates lawyer – who can help families after their loved ones die. I will do everything I can to reach my dream.

I am also especially apologizing to you mommy, I am incredibly sorry for putting you through this. I know I have deeply disappointed you especially. You deserve nothing but happiness and prosperity. This is a major setback for not only me but you.

This experience has showed me that even though persons have deemed me as strong and wise, I am anything but that. A strong and wise person would never be in a situation that I am currently in. I am sincerely and wholeheartedly apologetic and understand that I need to be punished.

*See* Ct. Ex. A, Sent. Hr'g, Sept. 18, 2018. The court found defendant credible.

## V. Sentencing Guidelines and Statutory Sentencing Requirement

### A. Guideline Calculation

Defendant's base offense level is 20. PSR add. at ¶ 11. She received a four-point reduction for her minimal role in the overall smuggling scheme. PSR add. at ¶ 14. The offense level was reduced by three points for acceptance of responsibility and timely notification of a guilty plea. PSR add. at ¶¶ 18–19. Her total offense level is 13. *Id.*

Dennis has no criminal record; she has a criminal history category of I. PSR at ¶ 22. The guideline imprisonment range is 12 to 18 months. PSR add. at ¶ 47.

### B. Statutory Minimum

The court must impose a term of supervised release of at least 3 years. PSR at ¶ 48; 21 U.S.C. § 960(b)(3). There is no minimum term of incarceration for the defendant's crimes. *See* PSR at ¶ 48.

## VI. Law

The Sentencing Guidelines are advisory. *United States v. Booker*, 543 U.S. 220 (2005). A district court may depart from the Guidelines after it "consider[s] all of the § 3553 factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49–50 (2007); *see also United States v. Carter*, 726 F. App'x 86, 88 (2d Cir. 2018) ("[I]t was proper for the district court to consider the Guidelines as a 'benchmark' alongside its review of the statutory factors when imposing sentence."). The court "must make an individualized assessment based on the facts presented" and state its reasons for the imposition of the particular sentence. *Gall*, 552 U.S. at 50; *see also* 18 U.S.C. § 3553(c). The sentence shall be "sufficient, but not greater than necessary, to comply" with the policy of the sentencing statutes and Guidelines. 18 U.S.C. § 3553(a).

## VII. 18 U.S.C. § 3553(a) Considerations

Dennis, now 21, was born and raised in Jamaica. PSR at ¶ 27. Her mother is an insurance sales representative. *Id.* When she was seven years old, her father, a police officer in Jamaica, was murdered while on duty. *Id.* After her father's death, her mother raised her with the help of an extended family. *See* PSR at ¶¶ 27–29. She had a normal childhood, growing up in a supportive household. *Id.*

Defendant lives with her mother and two brothers in Jamaica. *See* PSR at ¶ 31. She serves a crucial role at home, acting as a second parent to her younger teenage brother and as a caretaker for her older brother, who has cerebral palsy. *See* Sent. Hr'g Tr. 16:13–23, Sept. 18, 2018. She has one maternal half-brother and five paternal half-siblings, all of whom live in Jamaica and are not criminals. PSR at ¶ 28. She maintains a close relationship with her mother and her siblings. *Id.* at ¶¶ 28–29. They will be supportive after her release. *Id.* At sentencing,

her mother testified with some fervor that Dennis "has always been a good girl, always been very good." Sent. Hr'g Tr. 22:2–3, Sept. 18, 2018.

Dennis earned the equivalent of an associate degree in 2016 from the University of West Indies in Jamaica. PSR at ¶ 38. She is currently enrolled in a program leading to admission to the bar, at the same university. *Id.* She intends to return to school upon her return to Jamaica and fulfill her dream of becoming an estate lawyer. *Id.*

While in school in Jamaica, she excelled academically, receiving merit scholarships, and was involved in numerous extra-curricular activities. *See* Def.'s Sent. Mem. at 3, Sept. 11, 2018. In law school, for example, she served on various committees and was the captain of intramural sports teams. *Id.* She was also actively involved in volunteer work in Jamaica. *See* PSR at ¶ 43. She has continued to volunteer here in New York while released on bail, performing charity work for "Habitat for Humanity" and "Breaking Ground." PSR at ¶ 40.

The defendant is currently residing with her grandmother and her grandfather as she awaits sentencing. *Id.* at ¶ 32. She helps her grandparents by cooking meals, helping around the house, and visiting her grandfather regularly during his recent stays in the hospital. Def.'s Sent. Mem. at p. 3–4.

Defendant's counsel eloquently, based on her observations of defendant, urged the court to consider the unique background and individual characteristics of the defendant.

> [W]hat I have learned in working with her is that she's really driven by a desire throughout her life to help other people. She became a second parent to her two brothers, both her younger brother who she helped with his school work, with feeding him, getting him to school when her mother was at work because they lost their father when Ms. Dennis was only seven.
>
> And she is also a dedicated sister to her older brother, who suffers from cerebral palsy and she serves as his protector and also his interpreter. . . .

And she has been doing volunteer work since she was a kid, and I included her resume in my sentencing package. It's full of the volunteer work that she's done up to this day.

And she has a dream of being a lawyer, and I think it came from a fairly unusual situation. It came from a tragedy when her father was killed in the line of duty as a police officer. She was only seven, but she had some maturity to realize that her family wasn't only hurt emotionally, but they also needed – they needed the help of a lawyer who could tell them what to do, and they didn't have one. And so . . . Ms. Dennis, she decided then that she wanted to be an estate lawyer who would help people in that situation, an unusual dream for a child, but it's one that she's continued to this day. And I think in her letters, it really shines through that she's someone who tries to lift up others, even when her circumstances, her life is really in a crisis.

And those qualities have continued while this case has been pending. On Pretrial release, she couldn't work. She has no status. So she did volunteer work. She helped people in the community who were homeless with refurnishing their new homes. She's been advising and tutoring her younger cousins, both one who is here today, and . . . Matthew, who she has been tutoring in math and he's been doing better in school. She has been spending time with her grandparents, who live here in New York, and she realizes she may not see again once she gets deported. She couldn't really help them financially, so she helped them with cooking, going to the grocery store, visiting her grandfather in the hospital. . . .

She's . . . a warm bubbly person who's fun to get to know. As her grandmother says, she can see the light through every darkness. It's a rare quality and one that's brought her through this case and will bring her through to the future after the sentence Your Honor imposes. . . . And she has a host of . . . family here. . . . She counted up to at least 11 of them. And that's a real punishment, that deportation, never being able to come back here.

Sent. Hr'g Tr. 16:13–19:6, Sept. 18, 2018.

### VIII. Sentence

Dennis is sentenced to time served (one day). Sent. Hr'g Tr. 23:9–10, Sept. 18, 2018. She spent almost seven months under the supervision of Pretrial Services while out on bail, with no violations.

No fine was imposed because of her inability to pay one. A $200 special assessment and three years of supervised release was imposed.

The sentence balances the serious nature of the crime and the compelling need for the defendant to return to her life in Jamaica so that she can continue her education, provide needed support for her family, and provide help to the community, using her legal training. Incarceration will inhibit her ability to reenter lawful society. It does not serve a legitimate penological goal. Based on her background and personal characteristics, she is unlikely to recidivate.

The court considered the impact that deportation will have on the defendant and her family. *See United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *3 (E.D.N.Y. Sept. 24, 2014). Deportation is a serious punishment with harsh consequences. She is to be immediately removed from the United States and will probably never see members of her family living in this country.

Dennis is subject to the mandatory conditions listed in U.S.S.G. § 5D1.3(a) and standard conditions of U.S.S.G. § 5D1.3(c) while on supervision. Additional conditions prohibit her from returning to the United States during her term of supervised release and require her to cooperate with and abide by all instructions of immigration authorities.

### IX. Conclusion

Respectful consideration was given to the Sentencing Guidelines to ensure that the sentence is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: October 3, 2018
Brooklyn, New York